10 CV 5191

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ECF CASE

WEEKS MARINE, INC.,

Plaintiff,

– against –

AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC., and SHIPOWNERS CLAIMS BUREAU, INC., as the manager of American Steamship,

Defendants.

_____ CV _______

RECEIVED
JUL - 7 2010
U.S.D.C. S.D. N.Y.
CASHIERS

**COMPLAINT**
**(with jury demand)**

Plaintiff, WEEKS MARINE, INC. ("Weeks"), by its attorneys NICOLETTI HORNIG & SWEENEY, as and for its Complaint against Defendants, AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION INC. (the "American Club") and SHIPOWNERS CLAIMS BUREAU, INC. ("SCB") as the manager of the American Club, respectfully alleges on information and belief as follows:

**JURISDICTION AND VENUE**

1. This is an action for, *inter alia*, contract damages, presenting questions of insurance coverage under an admiralty or maritime contract of liability insurance.

2. As set forth below, there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy, exclusive of interest and costs, is in excess of $75,000.00.

3. This Court has subject matter jurisdiction over the instant dispute pursuant to 28 U.S.C. § 1332.

4. This is an action for, *inter alia*, declaratory relief and is filed under and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

5. An actual controversy of a justiciable nature has arisen and now exists between Plaintiff and Defendants concerning their respective rights, obligations, and/or other legal relations under a certain contract of marine insurance. Depending on the construction of said contract, the aforesaid controversy can be determined by a judgment of this Court, without further suit.

6. Both Defendants reside in this judicial district within this State and, therefore, venue is proper pursuant to 28 U.S.C. § 1391(b).

7. Plaintiff Weeks demands a jury trial on all causes of action herein.

**PARTIES**

8. Plaintiff Weeks was and is, at all times relevant, a corporation duly organized and existing under and by virtue of the laws of the State of New Jersey with its principal place of business located at 4 Commerce Drive, Cranford, New Jersey 07016-3598.

9. Plaintiff Weeks, at all times relevant, was and is in the business of commercial marine contracting, including but not limited to, performing dredging under contracts for hire.

10. At all times relevant, Defendant American Club maintained its principal place of business at One Battery Park Plaza, New York, New York.

11. At all times relevant, Defendant American Club was and is incorporated under the laws of the State of New York and was and is a mutual marine insurance association.

12. At all times relevant, Defendant American Club regularly does or solicits business, and engages in a persistent course of conduct and/or derives substantial revenue from goods used or services rendered in the State of New York.

13. At all times relevant, Defendant SCB was incorporated under the laws of the State of New York.

14. At all times relevant, Defendant SCB was incorporated under the laws of some state other than the State of New Jersey.

15. At all times relevant, Defendant SCB maintained its principal place of business at One Battery Park Plaza, New York, New York.

16. At all times relevant, Defendant SCB was and is an active domestic business corporation.

17. At all times relevant, Defendant SCB regularly does or solicits business, and engages in a persistent course of conduct and/or derives substantial revenue from goods used or services rendered in the State of New York.

18. At all times relevant, Defendant SCB managed Defendant American Club.

## BACKGROUND FACTS

19. Defendant American Club provides Protection and Indemnity coverage to the members of its mutual marine insurance association.

20. According to Defendant American Club, Protection and Indemnity insurance generally provides cover to shipowners and charterers against third-party liabilities encountered in their commercial operations.

21. Every holder of a valid Certificate of Entry issued by Defendant American Club is a member of the mutual marine insurance association.

22. On, about, or before April 1, 2005, Defendant American Club issued a Certificate of Entry to Plaintiff Weeks for "cover to commence 20 February, 2005, renewal date 20 February, 2006."

23. Weeks was in 2005, a member of the mutual marine insurance association that is Defendant American Club.

24. The Certificate of Entry issued by Defendant American Club was assigned certificate number "01739000" and provided coverage from February 20, 2005, through February 20, 2006.

25. The Certificate of Entry issued by Defendant American Club, in addition to its terms, also was "subject to the By-Laws and Rules of the Association [i.e., the American Club]."

26. The Protection and Indemnity insurance coverage provided by Defendant American Club is set forth in Defendant American Club's Rules, Class I: Protection and Indemnity Insurance (hereinafter the "Club Rules") and the Certificate of Entry.

27. The Club Rules in effect and relevant to the dispute between Plaintiff and Defendants are the Club Rules for 2005/06, which provided in relevant part:

> **RULE 2 RISKS AND LOSSES COVERED**
> Each Member of the Association shall be indemnified in connection with each vessel entered in the Association for Protection and Indemnity insurance against any loss, damage or expense which the Member shall become liable to pay and shall pay by reason of the fact that the Member is the owner (or operator, manager, charterer, mortgagee, trustee, receiver or agent, as the case may be) of the insured vessel, subject to the provisions of these Rules and to all the limitations herein stated or agreed to by the acceptance of the application for membership, or by the entry of the vessel, in the Association, and which shall result from the following liabilities, risks, events, occurrences and expenditures; provided that such liabilities, risks, events, occurrences and expenditures arise in respect of the Member's interest in such vessel; and in connection with the operation of such vessel by or on behalf of the Member; and out of events occurring during the period of entry of such vessel.

28. The aforementioned Certificate of Entry issued to Plaintiff Weeks set forth certain "Member Specific Clauses."

29. Per the terms of the Member Specific Clauses in the Certificate of Entry issued to Plaintiff Weeks, Defendant American Club provided coverage to Plaintiff Weeks in the amount of:

**LIMIT OF LIABILITY**

US$50,000,000 each vessel any one accident or occurrence, or series of accidents or occurrences, arising out of any one event, but US$3,000,000 in respect of cover for crew/employees and US$25,000,000 in respect of specialist operations.

30. Plaintiff Weeks's deductible for the Protection and Indemnity coverage provided to it by Defendant American Club was set forth in the Member Specific Clauses in the Certificate of Entry, which provided:

**DEDUCTIBLES**

US$250,000 Collision & Towers claims any one accident or occurrence which deductible shall be defined as the limit covered under the Hull policy but US$25,000 in respect of claims not recoverable under Hull and Machinery Policy.

US$250,000 Wreck Removal or Removal of Debris any one accident or occurrence.

US$1,000,000 Crew/Employees any one accident or occurrence.

US$25,000 from all other claims any one accident or occurrence.

Subject to underlying specialist operations policy placed with Great American for limit of US$1,000,000 any one accident or occurrence.

31. The Member Specific Clauses in the Certificate of Entry, provided, *inter alia*:

**CREW CLAIMS PROCEDURE**

It is noted and agreed that Crew Claims Procedure reads as follows with effect from inception:

The Insured shall be responsible for the investigation, settlement, defense or appeal of

> any claim made or suit brought, or proceeding instituted against the Insured and shall give prompt notice to Shipowners Claims Bureau, upon the Insured's Risk Management department being notified of any of the following:
>
> (a) any claim, suit or proceeding that appears to involve indemnity by the American Club;
>
> (b) any occurrence, claim, award or proceeding judgment which exceeds 50% of the Insured's retention under this policy;
>
> (c) any occurrence which causes serious injury (disability for a period of nine months or more) to two or more employees;
>
> (d) any case involving: 1. Amputation of a major extremity, 2. Brain or spinal cord injury, 3. Death, 4. Any second or third degree burn of 50% of the body or more;
>
> (e) the reopening of any case in which further award might involve liability of the American Club.

32. On September 23, 2009, Plaintiff Weeks reported to Defendant American Club, through Defendant's manager and agent, Defendant SCB, a judgment against Plaintiff Weeks.

33. The aforementioned judgment was awarded in the Jones Act suit Clarence Smith ("Mr. Smith") commenced against Weeks Marine, Inc., Ashton Edwards and Tracey Collins in the 27th Judicial District Court, Parish of St. Landry, State of Louisiana, which was captioned *Clarence Smith v. Weeks Marine Inc., Ashton Edwards and Tracey Collins* and assigned docket number 06-C-2019-A (hereinafter the "*Smith Litigation*").

34. Mr. Smith was allegedly injured when defendants Edwards and Collins, after being out drinking, returned to the quarter barge where they had quarters early on the morning of June 26, 2005 and accosted Mr. Smith in his quarters on the quarter barge. Mr. Smith was taken to a medical facility for treatment. Weeks paid Mr. Smith's maintenance and cure to August 17, 2005 at which time the doctor treating Mr. Smith reported he had reached maximum medical improvement and was fit to return to duty. Mr. Smith returned to work as a janitor until October 23, 2005 at which time he was terminated for not appearing for crew change. Mr. Smith filed a law suit against Weeks claiming the incident and resulting injuries were caused by the unseaworthiness of the vessel. The Court found the vessel was unseaworthy and that Weeks was negligent in not enforcing a company policy that intoxicated crew members were not permitted to return to the quarter barge. On September 9, 2009 the Court issued a final judgment in the amount of $785,439.38 plus interest. Weeks filed an appeal and thereafter there was a settlement with Mr. Smith in which Weeks paid $959,969.33 plus payment of certain medical bills in the amount of $32,543.56. Weeks's expenses for the defense of the claim amounted to approximately $135,739.04. In total, Weeks has paid $1,128,251.92 to date in the *Smith Litigation.*

35. Weeks' Claims Personnel who managed the defense of the *Smith Litigation*, set reserves substantially below $500,000 throughout the handling of the claim prior to the entry of the Court's opinion awarding damages on September 9, 2009. Based on Weeks's objective evaluation of liability in the *Smith Litigation*, there was no requirement to provide written notice of claim prior to the Court issuing a formal judgment in the *Smith Litigation.*

36. In a letter dated December 4, 2009, Defendant American Club, through its manager and agent, Defendant SCB, declined Weeks's coverage for the judgment/settlement in the *Smith Litigation* on the grounds that Weeks breached its duty of prompt notification under the Club Rules and the Crew Claims Procedure.

37. On January 11, 2010, Weeks referred its dispute with the manager of the Defendant SCB to the Board of Directors for a review of the mangers rejection of Weeks claim for indemnity with respect to the Clarence Smith claim.

38. On or about July 1, 2010 the Board of Directors for the Americas Club rejected Weeks claim for indemnity on the grounds that Weeks did not give the Americas Club written notice of claim within three years after it had knowledge of a covered claim and on the grounds that notice was not given in accordance with the Crew Claim Procedures.

**AS AND FOR PLAINTIFF'S**
**FIRST CAUSE OF ACTION**

39. Plaintiff repeats and re-alleges all allegations set forth in paragraphs "1" through and including "38" as if fully set forth herein.

40. At all times relevant, Plaintiff Weeks was an insured under the terms and conditions of the Certificate of Entry and Club Rules.

41. At all times relevant, Plaintiff Weeks paid the required premiums and the Protection and Indemnity coverage afforded by Defendant American Club pursuant to the Certificate of Entry and Club Rules was in full force and effect.

42. Plaintiff Weeks has duly performed all of the conditions of the Certificate of Entry and Club Rules on its part to be performed and in accordance with the

terms therein, except as excused by waiver or estoppel on the part of Defendant American Club and/or Defendant SCB.

43. The Defendants have knowingly waived any term and/or condition in the Certificate of Entry and Club Rules that would otherwise preclude coverage for Plaintiff's claim for indemnification for its losses arising from, and including, the judgment and settlement entered in the *Smith Litigation*.

44. As a result of Defendants' representations and/or misrepresentations, which Plaintiff Weeks relied upon, Defendants are estopped from asserting any term and/or condition in the Certificate of Entry and Club Rules that would otherwise preclude coverage for Plaintiff's claim for indemnification for its losses arising from, and including, the judgment and settlement entered in the *Smith Litigation*.

45. Defendant American Club, and/or Defendant SCB as manager for and on behalf of Defendant American Club, wrongfully denied indemnifying Plaintiff Weeks for its losses arising from, and including, the judgment and settlement entered in the *Smith Litigation*.

46. Defendant American Club, and/or Defendant SCB as manager of and on behalf of Defendant American Club, breached the terms of the Certificate of Entry and Club Rules by denying indemnification to Plaintiff Weeks for its losses arising from, and including, the judgment and settlement entered in the *Smith Litigation*.

47. The failure and/or refusal by the Defendants to indemnify Plaintiff Weeks for the full amount of its loss arising from, and including, the judgment and settlement entered in the *Smith Litigation*, constitutes a breach by the Defendants of their obligations under the Certificate of Entry and Club Rules and entitles Plaintiff Weeks to

recover damages, including general, consequential, special damages and interest, in the full amount of its loss to be proven at trial.

48. As a result of the Defendants' breach of the terms and conditions of the Certificate of Entry and Club Rules, Plaintiff Weeks has sustained general damages in an amount no less than the defense costs incurred, and judgment, award, and/or settlement paid, in connection with the *Smith Litigation*.

49. Plaintiff Weeks is entitled to an award of consequential damages, in an amount to be determined at trial, for Defendants' failure to fulfill their obligations under the Certificate of Entry and Club Rules.

**AS AND FOR PLAINTIFF'S**
**SECOND CAUSE OF ACTION**

50. Plaintiff repeats and re-alleges all allegations set forth in paragraphs "1" through and including "49" as if fully set forth herein.

51. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights, obligations, and/or other legal relations under the Certificate of Entry and Club Rules. Plaintiff Weeks contends that it complied with all material terms of the Certificate of Entry and Club Rules, in particular but not limited to, providing timely notice of the *Smith Litigation* and, therefore, is entitled to indemnification from Defendant American Club.

52. Accordingly, Plaintiff Weeks desires a judicial determination of its rights and duties under the Certificate of Entry and Club Rules with respect to this controversy. This declaration of rights and duties of the parties is necessary and appropriate at this time in view of the controversy between the parties.

**AS AND FOR PLAINTIFF'S**
**THIRD CAUSE OF ACTION**

53. Plaintiff repeats and re-alleges all allegations set forth in paragraphs "1" through and including "52" as if fully set forth herein.

54. New York enacted New York General Business Law section 349 (the "Act") to protect consumers from unfair, deceptive, and/or fraudulent business practices. The Act provides consumers with a private right of action.

55. The Act creates a cause of action against those who engage in deceptive acts and practices.

56. Defendants American Club and/or SCB engaged in a general business pattern and practice directed to insureds like and including Plaintiff Weeks that are deceptive and misleading in a material way, including, among other things, by:

(a) Unreasonably refusing to pay any or all of Plaintiff's damages; and

(b) Asserting an unreasonable interpretation of the Certificate of Entry and/or Club Rules, which if adopted, would make the coverage illusory.

57. Additionally, there is implied in the contract between Plaintiff and Defendants, that is the Certificate of Entry and Club Rules, a covenant of good faith and fair dealing wherein Defendants covenanted that they would, in good faith and in the exercise of fair dealing, deal with Plaintiff Weeks fairly and honestly and do nothing to impair, interfere with, hinder, or potentially injure the rights of Plaintiff Weeks to receive

the benefits of the Policy. Defendants accepted a duty to honor said contractual obligations by entering into the herein referred contract of insurance.

58. Additionally, under New Jersey law, an insurer such as Defendant American Club, is liable to its insured, such as Plaintiff Weeks, for the bad faith refusal to pay the benefits of its insurance contract. As noted, Defendant American Club, and/or Defendant SCB as manager for and on behalf of Defendant American Club, unreasonably and in bad faith refused to indemnify Plaintiff Weeks for its losses arising from, and including, the judgment and settlement entered in the *Smith Litigation*.

59. Plaintiff Weeks has been injured by reason of Defendants' aforementioned conduct in a sum to be shown by proof at trial.

60. Defendants American Club and/or SCB are liable to Plaintiff Weeks for all compensatory damages, consequential demands, trebled and punitive damages, attorneys' fees, and interest that Plaintiff has and may sustain as a result of Defendants' unfair, deceptive, and/or fraudulent business practices.

**WHEREFORE,** Plaintiff Weeks demands judgment against Defendants American Club and/or SCB on its first, second, and third causes of action in the amount of its general and consequential damages, with interest, and for a judicial declaration that Plaintiff Weeks complied with all material terms of the Certificate of Entry and Club Rules, in particular but not limited to, providing timely notice of the *Smith Litigation* and, therefore, is entitled to indemnification from Defendant American Club, and for its compensatory damages, consequential demands, trebled and punitive damages, attorneys'

fees, and interest, all together with the costs and disbursements of this action, together with such other and further relief as this Court may deem just and proper.

Dated: New York, New York
July 7, 2010

Respectfully submitted,

NICOLETTI HORNIG & SWEENEY
*Attorneys for Plaintiff Weeks Marine, Inc.*

By:______________________________

David R. Hornig, Esq.
A Member of the Firm
Wall Street Plaza
88 Pine Street, Seventh Floor
New York, New York 10005
Telephone: 212-220-3830
Facsimile: 212-220-3780
Email: dhornig@nicolettihornig.com
Our file number: 00000949(DRH/WMF)