UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

WEEKS MARINE, INC.,

       Plaintiff,

       -v-                                             No.  10 Civ. 5191 (LTS)(HBP)

AMERICAN STEAMSHIP OWNERS
P&I ASSOC. et. al.,

       Defendants.
------------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

       Plaintiff Weeks Marine, Inc. ("Plaintiff" or "Weeks Marine") brought this action against Defendants American Steamship Owners Mutual Protection and Indemnity Association, Inc. ("the American Club") and Shipowners Claims Bureau, Inc. ("SCB") (collectively, "Defendants"), seeking a declaration that it complied with the terms of its insurance contract with Defendants and an award of damages for Defendants' alleged breach of the contract.  The Court has diversity jurisdiction of this action pursuant to 28 U.S.C. § 1332.  Defendants have filed a motion for summary judgment.  The Court has considered carefully all the parties' submissions.  For the reasons set forth below, the motion is granted.

## BACKGROUND

       The following facts are undisputed except as otherwise indicated.[1]

---

[1]    Facts recited as undisputed are identified as such in the parties' statements pursuant to Local Civil Rule 56.1 or drawn from evidence as to which there is no non-conclusory contrary factual proffer.  Citations to the parties' respective S.D.N.Y. Local Civil Rule 56.1 statements ("Defs' 56.1 St.") and responses thereto ("Pl.'s 56.1 St.") incorporate by reference citations to the underlying evidentiary submissions.

A.    The Insurance Agreement

The American Club is a non-profit mutual insurance association that provides protection and indemnity insurance for shipowners and charterers. (Defs' 56.1 St. ¶ 1.) Weeks Marine is a corporation involved in commercial marine contracting, including dredging operations. (Compl. ¶ 9.) Weeks Marine first became a member of the American Club on March 31, 2002. (Affidavit of Donald R. Moore ("Moore Aff.") ¶ 4.) Membership in the American Club is evidenced by a document called a "Certificate of Entry." (Defs' 56.1 St. ¶ 3.) On or about April 1, 2005, the American Club issued Weeks Marine a Certificate of Entry to commence on February 20, 2005, and with a renewal date of February 20, 2006. (Id. ¶ 5.) The April 1, 2005, Certificate of Entry covered the time period relevant to this case.

Weeks Marine's Certificate of Entry provided a coverage limit of $3 million for liability for claims by crew or employees, subject to a self-insured retention or deductible of $1 million. Thus, under the terms of the Certificate of Entry, Weeks Marine was responsible for the first $1 million of liability resulting from claims by crew or employees, and the American Club was responsible for a maximum of $2 million. (Id. ¶ 7.) The Certificate of Entry included a "Crew Claims Procedure," containing the following notice provision:

> The Insured shall be responsible for the investigation, settlement, defense or appeal of any claim made or suit brought, or proceeding instituted against the Insured and shall give prompt notice to Shipowners Claims Bureau, upon the Insured's Risk Management department being notified of any of the following:
>
> (a) any claim, suit or proceeding that appears to involve indemnity by the American Club;
>
> (b) any occurrence, claim, award or proceeding judgment which exceeds 50% of the Insured's retention under this policy;
>
> (c) any occurrence which causes serious injury (disability for a period of nine months or more) to two or more employees;

(d) any case involving . . . [b]rain or spinal cord injury . . .

(Defs' St. 56.1 ¶ 11 (emphasis added).)  The Certificate of Entry also incorporated the By-Laws

and Rules of the American Club ("Club Rules").  (Compl. ¶¶ 25-27.)  Class I, Rule 1.4.26 of the

2005/2006 Club Rules provides in relevant part that "in no event shall any claim be recoverable

from the Association unless written notice thereof has been given to the Managers within three

years after the Member has knowledge of the happening or occurrence giving rise to the claim."

(Moore Aff., Ex. 1 (emphasis added).)

     B.    <u>The Smith Claim</u>

        On June 26, 2005, Weeks Marine crew member Clarence Smith was assaulted by

crewmates and hospitalized for head and other bodily injuries.  (Defs' 56.1 St. ¶¶ 12-13.)  Weeks

Marine's Corporate Risk Manager was immediately notified, as evidenced by a letter she wrote

the following day confirming receipt of notice of Smith's injuries.  (Id. ¶ 14.)  Smith brought suit

against Weeks Marine in Louisiana state court and was granted partial summary judgment on

November 5, 2008.  (Id. ¶ 15.)  On May 21, 2009, Smith's attorney made a demand of $1.5

million to settle Smith's claim.  (Id. ¶ 17.)  On September 9, 2009, the Court issued a final

judgment for Smith in the amount of $785,439.  Weeks Marine filed an appeal.  (Compl. ¶ 34.)

Ultimately, the case was settled for approximately $1 million.  (Id.)  Weeks Marine incurred a

total of $1,128,251 in damages liability, expenses, and attorney's fees over the course of that

litigation.

        Weeks Marine first notified the American Club of Smith's injuries and the related

litigation on September 23, 2009 – more than four years after Weeks Marine first became aware

of the injury.  (Defs' St. 56.1 ¶ 18.)  Weeks Marine filed a claim for reimbursement of its costs

that were in excess of $1 million.  American Club denied the claim on the grounds of the three-year claim bar provision and Weeks Marine's failure to provide "prompt" notice of Smith's injuries as required by the Crew Claims Procedure.

 Thereafter, Weeks Marine brought this action seeking a judicial declaration that it is entitled to coverage because it complied with the terms of the Certificate of Entry and Club Rules.  Weeks Marine also seeks appropriate damages.  Defendants now move for summary judgment on the grounds that Weeks Marine breached the absolute three-year time bar by failing to provide notice of Smith's claim until four years after it arose.[2]  Plaintiff makes two arguments in opposition.  First, it asserts that the Crew Claims Procedure's notice provision overrode the Club Rules' three-year time bar.  Second, it asserts that American Club is estopped from denying indemnification based on the three-year time bar.

### DISCUSSION

 Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the burden of establishing the absence of any genuine issue of material fact.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  For the purposes of summary judgment, a fact is material "if it 'might affect the outcome of the

---

[2] Defendants initially moved for summary judgment on the additional grounds that Plaintiff failed to comply with the "prompt notice" requirement in the Crew Claims Procedure as well.  However, after being advised that Judge Naomi Buchwald of this Court was reviewing identical argumentation in a parallel action, this Court ordered the parties to limit their argumentation to the Club Rules' three-year bar.  (See Order of June 3, 2011.)  Judge Buchwald subsequently granted the American Club's motion for summary judgment.  See Weeks Marine, Inc. v. American Steamship Owners Mut. Protection and Indem. Ass'n, Inc., No. 08 Civ. 9878(NRB), 2011 WL 3796331 (S.D.N.Y. Aug. 25, 2011).

suit under the governing law.'" Holtz v. Rockefeller & Co., 258 F.3d 62, 69 (2d Cir. 2001)
(quoting Anderson, 477 U.S. at 248).  "A factual dispute is 'genuine' if 'the evidence is such that
a reasonable jury could return a verdict for the nonmoving party.'"  Id.

The threshold question in a contract dispute is whether the language of the
contract is ambiguous.  Under New York law, "[c]ontract language is ambiguous if it is capable
of more than one meaning when viewed objectively by a reasonably intelligent person who has
examined the context of the entire integrated agreement and who is cognizant of the customs,
practices, usages and terminology as generally understood in the particular trade or business."
Morse/Diesel, Inc. v. Trinity Industries, Inc., et al., 67 F.3d 435, 443 (2d Cir. 1993) (internal
quotations omitted).  Where a contract is ambiguous, its construction is best left to a finder of
fact; where, however, the words of the contract convey a definite and precise meaning and there
exists no reasonable basis for a difference in opinion, the contract's construction is a matter of
law and appropriate for resolution in connection with a summary judgment motion.  Seiden
Associates, Inc. v. ANC Holdings, Inc., 959 F.2d 425, 428 (2d Cir. 1992).  "The language of a
contract is not made ambiguous simply because the parties urge different interpretations."  Id.

A.      The Crew Claims Procedure's Effect on the Club Rules' Three-Year Time Bar

There is no dispute that, unlike the Club Rules, which apply to all members, the
Certificates of Entry are tailored to each individual member.  Plaintiff argues that the "prompt
notice" provision of the Crew Claims Procedure superseded the Club Rules' three-year bar,
citing two related rules of contract construction: first, that where particularized terms of a
contract conflict with general statements, the latter must yield, Preminger v. Columbia Pictures
Corp., 267 N.Y. S.2d 594, 599 (N.Y. Sup. 1966); and second, that "definitive, particularized
contract language takes precedence over expressions of intent that are general, summary, or

preliminary." <u>John Hancock Mut. Life Ins. Co. v. Carolina Power & Light Co.</u>, 717 F.2d 664, 670 (2d Cir. 1983).

Plaintiff's arguments are contrary to the well-established rule that, to the extent possible, "all provisions of a contract be read together as a harmonious whole." <u>Kinek v. Paramount Communications</u>, 22 F.3d 503, 509 (2d Cir. 1994), and that "[w]hen construing the terms of an insurance contract, an interpretation that gives a reasonable and effective meaning to all terms of a contract is preferable to one that leaves a portion of the writing useless or inexplicable." <u>United States Underwriters Ins. Co. v. Affordable Hous. Found., Inc.</u>, 256 F. Supp. 2d 176, 181 (S.D.N.Y. 2003) (citing <u>Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd.</u>, 230 F.3d 549 (2d Cir. 2000)).

Plaintiff does not identify any ambiguity nor any inconsistency between the terms of the Crew Claims Procedure and the Club Rules notification provision, much less one that would necessitate reducing the latter to surplusage. The Crew Claims provision requires prompt notice of certain events and circumstances, and the Club Rules provision precludes recovery unless notice is given within three years. Thus, Plaintiff's attempt to render the contracts ambiguous by resorting to extrinsic evidence in the form of deposition testimony is unavailing. <u>See Kinek</u>, 22 F.3d at 509 ("Extrinsic evidence regarding intent of contracting parties is relevant only if contract is ambiguous"). Accordingly, Plaintiff's argument that the prompt notice provision vitiated the three-year limit fails as a matter of law.

B.    <u>Estoppel</u>

Plaintiff also contends that the American Club is estopped from invoking the three-year time bar to deny indemnification based on past conduct. Plaintiff cites one instance in which it notified the American Club of a claim three years after it arose without eliciting an

objection.  Because Plaintiff "relied upon the prior practice of the American Club's acceptance of

claims under the Crew Claims Procedure irrespective of the [three-year notice requirement]," 

Plaintiff argues, "the American Club should be estopped from denying the Smith claim because

of untimely notice."  (Pl's Opp. at 20.)

Plaintiff's estoppel argument fails for two reasons.  First, "[t]he purpose of

equitable estoppel is to preclude a person from asserting a right when he or she has led another

to form the reasonable belief that the right would not be asserted."  Shondel J. v. Mark D., 7

N.Y.3d 320, 326 (2006).  Here, the past injury to which Plaintiff refers occurred during the

2003/04 policy year.  The three-year time bar was not added to the American Club's Rules until

the 2004/05 policy year. (Defs' Rep. at 7.)  Thus, American Club's handling of the earlier claim

cannot have evidenced an understanding that it would not enforce the three-year limitation.

Second, the American Club's By-Laws include an anti-waiver clause, which states

that:

> No act, omission, course of dealing, forbearance, delay or indulgence by the
> [American Club] in enforcing any of these Rules or any contractual terms and
> conditions shall prejudice or affect the rights and remedies of the [American
> Club] under these Rules or under such contracts, and no such matter shall be
> treated as any evidence of waiver of the [American Club's] rights thereunder, nor
> shall any waiver of a breach by a Member of such Rules or contracts operate as a
> waiver of any subsequent breach thereof. The [American Club] shall at all times
> and without notice be entitled to insist on the strict application of these Rules and
> on the strict enforcement of its contracts.

(2005/06 The American Club By-Laws, Rules & List Of Correspondents, Class I, Rule 1.4.35;

First Moore Affidavit, attached as Ex. 1 to Defs' Mot.)  Every judge to construe this anti-waiver

provision has concluded that it bars the assertion of estoppel claims.  See Weeks Marine, Inc. v.

American Steamship Owners Mut. Protection and Indem. Ass'n, Inc., No. 08 Civ. 9878(NRB),

2011 WL 3796331, at *13 (S.D.N.Y. Aug. 25, 2011); Trident Intern. Ltd. v. American

Steamship Owners Mut. Protection and Indem. Ass'n, Inc., No. 05 Civ. 3947(PAC), 2008 WL

2909389, at *3 (S.D.N.Y. July 24, 2008).  This Court agrees.  Accordingly, the Court rejects

Plaintiff's argument that the American Club is estopped from enforcing the three-year time bar,

and finds that Defendants are entitled as a matter of law to summary judgment dismissing the

complaint.

CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted.

This memorandum opinion and order resolves docket entry no. 17.  The Clerk of Court is

requested to enter judgment in favor of Defendants and close this case.


SO ORDERED.

Dated: New York, New York
       March 30, 2012

                                              LAURA TAYLOR SWAIN
                                              United States District Judge